## SEIPP v. UNITED STATES.

No. 46306.

Court of Claims.

Nov. 4, 1946.

Paul J. Bailey, of Leonardtown, Md., for plaintiff.

206

E. Leo Backus, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

This is a suit for damages done to plaintiff's oysters by dredging operations carried on by the Government in the Patuxent river in Maryland. The statute under which plaintiff sues is quoted in finding 1. Plaintiff had a twenty-year lease on twenty-eight acres of the bed of the river for oyster culture. In 1942 and 1943 the Government dredged the river in two places in the general vicinity of the plaintiff's oyster bed. Hydraulic dredges were used, which had the effect of putting some of the mud and silt from the bottom of the river in solution in the water by which it could be carried to various distances, depending on the current and the tide, and deposited upon the bottom of the river. Because of the use of the area by the Government for mine testing and other naval operations, entry into it was restricted from about April 1943 until November 1945, and the plaintiff was allowed to visit the bed upon only two occasions, both in the summer of 1943. This fact, and the lack of any regular system of records or bookkeeping by the plaintiff, have resulted in a lack of the kind of evidence, both of the cause and the amount of the plaintiff's damage, which would have been desirable. But we have been able to reach conclusions which are reasonably satisfactory to us, in spite of these deficiencies in the evidence.

We are persuaded that the plaintiff's oysters were in part destroyed and in part damaged by the Government's dredging and mine testing operations. When the plaintiff visited the beds in 1943, they were silted and he was able to find only a few oysters. When a witness for the Government inspected the beds in March and April 1945, he found little evidence of silt, but found that one-third of the oysters were dead, and another third in such bad condition as to be worthless. We conclude that, in the interval between the plaintiff's inspection and that of the Government's witness, nature had largely restored a normal condition on the bottom of the river, but that the damage to the plaintiff's oysters had, in the intervening time, been done.

As to the amounts of oysters and shells lost by the plaintiff and their value, we think that the conclusions reached by the Commissioner of this Court represent fair approximations, and we have, therefore, adopted them in our finding 20.

We, therefore, find, in the nature of a jury verdict, that the plaintiff is entitled to recover $4,987.50. It is so ordered.

WHALEY, Chief Justice, and JONES, WHITAKER, and LITTLETON, Judges, concur.